(118 App. Div. 834)

## BARR v. SCHEFER et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

**1. CONTRACTS—ACTION FOR BREACH—EVIDENCE—SUFFICIENCY.**

In an action for breach of contract, evidence examined, and *held* insufficient to sustain the finding that the contract was made with the defendants.

**2. TRIAL—INSTRUCTIONS—ERROR CURED BY SUBSEQUENT INSTRUCTIONS.**

In an action for breach of contract, error in authorizing a finding against defendants upon the theory that the contract was made with their agents, after excluding evidence of the agents' authority, was not cured by the court saying, when defendants requested a charge that defendants were not liable if the jury believed the testimony of the defendants that no contract was made with them, "I so charge; that is to say, if they should find no agreement was entered into."

**3. APPEAL—REVIEW—PRESUMPTIONS—DAMAGES—VERDICT.**

In an action for damages for breach of a contract, where no rule of damages was laid down by the court, it cannot be presumed that the jury adopted the correct rule.

Appeal from Trial Term, New York County.

Action by Daniel M. Barr against Carl Schefer and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

George W. Schurman, for appellants.

Alfred H. Holbrook, for respondent.

LAUGHLIN, J. The plaintiff is engaged in the business of manufacturing dress goods under the name of the Barr Manufacturing Company at Philadelphia, and the defendants are commission merchants doing business in the city of New York under the firm name of Schefer, Schramm & Vogel. The complaint sets forth two causes of action; one for a breach of contract in failing to turn over to the plaintiff orders for the manufacture of dress goods, taken on samples furnished by him pursuant to a contract with defendants, and the other is in tort for the alleged conversion of the samples. The plaintiff's claim under the second cause of action does not appear to have been submitted to the jury, and, as it was not involved in the verdict, it requires no consideration on the appeal.

The verdict is not fairly supported by a preponderance of the evi-

dence, and neither in the trial of the issues nor in the submission of the case to the jury was a definite theory developed upon which it may be said that the verdict is right. The plaintiff gave evidence tending to show that he negotiated a contract with two of the defendants verbally, in the presence of Alfred P. Tannert, who was at the head of the dress goods department of the defendants. The agreement, according to the testimony of the plaintiff, was, in substance, that Tannert, representing the defendants, should furnish designs to the plaintiff, who should manufacture samples in accordance therewith and deliver them to the defendants, from which orders were to be solicited by their salesmen and forwarded to the plaintiff, who was to fill the same at a fixed price of 31½ cents per yard and pay the defendants a commission of 7½ per cent. of the net sales. The defendants denied that the contract was made with them, and gave evidence tending to show that the plaintiff's negotiations and contract, if any, were with A. P. Tannert, who, either alone or in partnership with another or others, was doing business under the name of A. P. Tannert & Co., and who had his office with the defendants and had business relations with them, which were provided for by a contract in writing.

The contract between the defendants and A. P. Tannert was offered in evidence by defendants, but excluded on the objection of the plaintiff, to which defendants duly excepted. Other evidence offered by the defendants tends to show, in substance, that they attended to the financial part of the business conducted by Tannert & Co., guarantying collections to the manufacturers, and collecting and remitting on orders placed and filled. After the time when, according to the testimony of the plaintiff, the parol contract was negotiated, the plaintiff wrote letters to A. P. Tanhert & Co., which were introduced in evidence by defendants and tend strongly to show that he maintained and acted upon the theory that no binding contract had been negotiated with reference to the sale of the goods by sample, and that he was desirous of contracting with A. P. Tannert & Co. to sell either outright for a specified price per yard for the goods, which is called a "merchandise basis," or on a commission basis, and that finally, in delivering some of the samples, he did so upon the express condition that the sales should be on a merchandise basis, which, of course, was a much lower rate than if on consignment. If the contract had been made with defendants as testified by plaintiff, he would encounter difficulty in answering the claim that he was the first to break the contract.

The plaintiff contends that these letters merely indicate a desire on his part to change the contract from a commission basis to flat sales, and that they are consistent with his having previously negotiated the contract with the defendants, as testified to by him. There is no reference in the letters to any existing contract, nor to a desire to change or alter the same. The letters tend strongly to contradict the oral testimony of the plaintiff, and to show that the negotiations for the contract were between him and A. P. Tannert & Co., acting for themselves. We are of opinion, therefore, that the verdict is against the weight of the evidence, in so far as the jury have found that the contract was made with the defendants.

In the original charge the court instructed the jury that if the agreement was made by Tannert & Co., acting independently of the defendants, the plaintiff could not recover, and that in order to entitle plaintiff to recover he must show that the contract was made with the defendants either directly or with Tannert & Co. acting for the defendants. If, as the record indicates, the theory of the plaintiff during the trial was that the contract was made directly with the defendants, then the agreement between them and A. P. Tannert was properly excluded; but, in the view in which by the charge in chief the question was submitted to the jury, the authority of Tannert to represent the defendants became important, and the agreement between them should have been received. At the close of the main charge counsel for the defendants requested the court to instruct the jury that if they believed the testimony of the defendants, with whom the plaintiff testified that he negotiated the contract verbally, and who denied it, that then their verdict should be for the defendants, to which the court replied:

"I so charge; that is to say, if they should find no agreement was entered into. I will give them that testimony, and the testimony of the other witnesses on the other question."

It may be that the error in allowing the jury to find against the defendants upon the theory that the contract was made with Tannert & Co., as their agents, after having excluded evidence showing the authority of Tannert & Co., if any, to represent the defendants, would have been corrected, had the court granted this request unqualifiedly as made, because then the jury would only have been at liberty to find against the defendants if the contract was negotiated directly with them by the plaintiff. In view of the qualifications of the request, however, it cannot be said that the jury so understood the court.

Moreover, the court failed to give the jury any instructions with respect to the rule of damages, and the jury rendered a verdict in favor of the plaintiff for $2,128, without evidence specifically indicating that that was the amount of damages sustained, which leaves it uncertain as to what rule of damages was adopted and followed by the jury. Plaintiff alleged, and the evidence tends to show, that orders for a large quantity of goods were received on samples manufactured by the plaintiff and delivered to the defendants, or to Tannert & Co., but that these orders were filled by another party. There was other evidence indicating that other damages were sustained by plaintiff, but it was too indefinite and speculative to warrant any recovery thereon. The agreement, as proved by the plaintiff, was not for any specified period. No goods were manufactured by the plaintiff to fill any of the orders taken on the samples manufactured by him. If, as claimed by plaintiff, he manufactured and delivered samples to the defendants upon the agreement that they were to solicit and transmit to him orders thereon, it is manifest that he would be entitled to recover the difference between what it would have cost him to have manufactured the goods and the price at which the goods were to be sold as fixed in the contract, less the commissions payable to the defendants. The evidence leaves the quantity of goods for which orders were taken or filled quite uncertain. The plaintiff testified, in substance, that the cost to him of filling the orders would have been 13.3 cents per yard for the goods in which

there was no mercerized dot, and 13.92 cents per yard for goods with the mercerized dot. The evidence does not clearly show what part ·of the orders taken or filled was for goods with or without the mercerized dot. The defendant gave evidence tending to show that the cost of manufacturing would have been 22.09 cents per yard. The ·only instruction the court gave the jury on the subject of damages, was that if they found there was a contract, and that the defendants ·were guilty of a breach thereof, the plaintiff was entitled to recover the amount of damages suffered by him which he has proved to their satisfaction. It may be that the jury adopted the correct rule of dam-·ages; but, inasmuch as no rule of damages was laid down by the court, that cannot be affirmed on the verdict rendered, and the defendants ·are entitled to a new trial.

It follows that the judgment and order should be reversed, and a ·new trial granted, with costs to appellant to abide the event. All ·concur.